UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------

| | |
|---|---|
| JONATHAN ROSADO, | 17-cv-06571 - EAW - MWP |
| Plaintiff, | First Amended Complaint |
| -against- | |
| CORRECTION OFFICERS PETER MASTRANTONIO, COURTNEY BENNETT, MATTHEW SHUMAKER, LARRY GLEASON, DUSTIN ELLIS, KEVIN AIKEN, BRIAN CRAWFORD, and CORRECTION SERGEANT HARRY EDWARDS, | JURY TRIAL DEMANDED |
| Defendants. | |

-----------------------------------------------

Plaintiff, by his attorney Eugene B Nathanson, complaining of defendants, alleges as follows:

**Introduction**

1. This is a civil rights action under 42 USC 1983, based on defendants' unprovoked beating of plaintiff, a prisoner at Southport Correctional Facility. Because the beating was in retaliation for plaintiff's exercise of his First Amendment rights, and because defendants brought false disciplinary charges against plaintiff, this case presents claims under the First, Eighth, and Fourteenth Amendments to the United States Constitution.

1

**Jurisdiction and Venue**

2. Jurisdiction is conferred upon this Court by 28 USC § 1343, which provides for original jurisdiction over all actions brought pursuant to 42 USC § 1983, and by 28 USC § 1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States.

3. The acts giving rise to the claim occurred at Southport Correctional Facility, which is in Chemung County in the Western District of New York.

**Parties**

4. Plaintiff Jonathan Rosado is a prisoner in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). He is currently imprisoned at Shawangunk Correctional Facility, and on September 4, 2015, was imprisoned at Southport Correctional Facility.

5. Defendants Peter A. Mastrantonio, Courtney Bennett, Matthew Shumaker, Larry Gleason, Dustin Ellis, Kevin Aiken, Brian Crawford, and Sergeant Harry Edwards are corrections officers employed by DOCCS, and on September 4, 2015 were assigned to Southport Correctional Facility.

6. The defendants acted under color of state law in depriving the plaintiff of his rights secured by the First, Eighth and Fourteenth Amendments to the United States Constitution.

**Facts**

7. Over the two days before September 4, 2015, prisoners housed in B Block at Southport Correctional Facility, including Rosado, orally complained to corrections officers about the officers cutting short the time the prisoners were permitted to use the showers. The prisoners threatened to write grievances concerning this reduction of time.

8. Over those same two days, Southport corrections officers threatened B Block prisoners with retaliation if they filed grievances.

9. At about 1:40 PM on September 4, 2015 Defendants Mastrantonio and Bennett were assigned to escort Rosado to and from a mental health callout.

10. On the return from the callout, while Rosado was handcuffed behind his back, Mastrantonio punched him in the face.

11. Bennett then punched Rosado in the back.

12. Mastrantonio and Bennett knocked Rosado to the floor.

13. While Rosado was on the floor, Mastrantonio and Bennett kicked and punched him.

14. At some point in the course of the beating Defendants Edwards, Shumaker, Gleason, Ellis, Aiken, and Crawford arrived and participated in the assault on Rosado.

15. Sergeant Edwards punched Rosado in the face and head.

16. Defendants kicked and punched Rosado.

17. At least one of the defendants kicked or stomped Rosado on his upper left brow.

18. None of the defendants took any steps to stop the beating.

19. Defendants locked Rosado into a waist chain and shackles.

20. Defendants lifted Rosado off the ground and threw him into a shower. He landed on his left shoulder and hit his head.

21. Upon information and belief, defendants assaulted Rosado in retaliation for his threats to write grievances concerning the prisoners' access to the showers.

22. Since September 4, 2015, Rosado has suffered long term, potentially permanent damage to his right eye and his left shoulder as a result of the assault upon him by the defendants.

23. Defendants Mastrantonio and Bennett falsely accused Rosado of violating prison rules by running, refusing orders, and struggling with the corrections officers, and falsely claimed that therefore the force they used was necessary to enforce prison discipline.

24. As a result of the false accusations, Rosado was subjected to an internal disciplinary "Tier III" hearing, and on November 17, 2015 was found guilty of interfering with staff duties, assaulting staff, and refusing direct orders, and was sentenced to and placed in solitary confinement in the special housing unit.

25. While placed in the special housing unit, Rosado experienced significant and atypical hardships as compared to the ordinary incidents of prison life, including being confined to a cell for 23 or 24 hours a day; being allowed to exercise for no more than one hour a day; being barred from work programs, education programs, rehabilitation programs, and other activities; and other deprivations.

26. Rosado appealed the result of the Tier III Hearing, and on July 11, 2016 the DOCCS Commissioner ordered the hearing conviction reversed.

27. By the time of this reversal, Rosado had served nearly one year in solitary confinement.

**First Cause of Action (8th and 14th Amendment)**

28. By their actions as set forth above, defendants used unnecessary and excessive force against plaintiff, in violation of plaintiff's right to be free from cruel and unusual punishment, as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.

29. Plaintiff has a claim for damages for violation of those rights pursuant to 42 USC § 1983.

**Second Cause of Action (1st and 14th Amendment)**

30. By their actions as set forth above, defendants violated the rights to freedom of speech and freedom to petition the government for a redress of

grievances guaranteed to Rosado under the First Amendment to the United States Constitution.

31. Plaintiff has a claim for damages for violation of those rights pursuant to 42 USC § 1983.

**Third Cause of Action (14th Amendment)**

32. by their actions as set forth above, Defendants Mastrantonio and Bennett violated Rosado's right to due process of law under the 14th Amendment of the United States Constitution.

33. Plaintiff has a claim for damages for violation of that right pursuant to 42 USC § 1983.

Wherefore plaintiff seeks judgment against defendants as follows:

Compensatory damages against all defendants in the amount of $2,000,000;

Punitive damages against each defendant in the amount of $2,000,000;

Attorney's fees against all defendants, pursuant to 42 USC § 1988;

The costs and disbursements of this action; together with such other relief as may be appropriate.

Dated:     New York, NY
           March 19, 2018

Eugene B Nathanson
Attorney for Plaintiff Jonathan Rosado
80 Broad Street, 5th Floor
New York, NY 10004
212 227 3241
ebnesq@eugenenathanson.us